Jose Eric Ramirez FLORES,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–70630.
INS No. A70–803–390.

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2003.*

Decided April 22, 2003.

Before SCHROEDER, Chief Judge,
GRABER, Circuit Judge, and
SINGLETON,** District Judge.

MEMORANDUM***

Petitioner concedes deportability but argues that he is entitled to asylum. The Board of Immigration Appeals ("BIA") found that Petitioner had not suffered past persecution based on a protected statutory ground and, further, that Petitioner did not have a well-founded fear of future persecution. We review for substantial evidence and must uphold the BIA's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

The BIA was not compelled to find that Petitioner suffered past persecution. He lost his government job and was barred from future government employment because he led an allegedly illegal strike of air traffic controllers. He testified that persons unknown threatened him by telephoning his parents about four times per year. He also testified that someone "nearly" tried to abduct him, but he was neither followed nor harmed when he left the scene. These incidents do not rise to the level of persecution. *See, e.g., Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (holding that, although the petitioner had received death threats and had been followed, and although a number of similarly situated colleagues had been murdered, the petitioner had not suffered past persecution).

Additionally, the BIA was not compelled to find that Petitioner has a well-founded fear of future persecution. Petitioner can only guess who made the telephone calls and who tried to abduct him. Petitioner knew of no severe consequences to the other leaders of the strike, who remained in the Philippines. Finally, Petitioner's bar from future government employment does not necessarily preclude him from finding other work in the Philippines. Thus, the evidence does not compel a conclusion that Petitioner's fear of future persecution is objectively reasonable.

PETITION DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.